Rockwell D. Colaneri, J.
The plaintiff entered into a contract with the defendant for the hiring of one of the halls of the defendant for a Bar Mitzvah for plaintiff’s son. The contract was entered into on October 6,1968, for the hiring of the hall on Sunday, March 7, 1971, with a guarantee of 70 people. The plaintiff testified that the list of persons who were to attend had dwindled from 70" persons to a number much less.
On March 30, 1969, the contract was amended so that the date of the event was changed to Saturday, March 6, 1971, one day sooner, with a minimum guarantee of 40 persons.
At the trial, the plaintiff testified that the list of guests had continued to dwindle away to a point where it would be doubtful that there would be anyone (or only a handful) present at the affair.
The plaintiff accordingly sent a registered letter to the defendant on August 4, 1969, a full 19 months before the event, canceling the event and requesting a return of the deposit of $220.
The defendant sent a cancellation agreement which provided, among other things, that the down payment would be returned ‘ ‘ in the event of a resale of * * * contract #10654 for 3/6/71),” and that “in the event that said parties (plaintiff) are found to have made other arrangements elsewhere for their reception, the parties agree that as liquidated damages the Huntington Town House shall be entitled to 50% of the total bill * * * including the amount paid on contract, which it is agreed is the reasonable profit of the Huntington Town House.”
*1019 The plaintiff refused to sign the cancellation agreement, and brought this action in the small claims part of the Fourth District Court.
Defendant’s attorney admitted during the trial that the likelihood of the defendant not renting the hall out for the particular time and date was remote, since it was prime time, and most likely the defendant would rerent it. With this concession, however, and with the court’s suggestion that the contract of October 6, 1968, be deemed canceled so that the defendant can go about rerenting the hall, the defendant still insisted on retaining the plaintiff’s down payment until after the event.
The court finds that the agreement itself is reasonable and fair, but the court finds that the enforcement of the agreement is unreasonable, unfair and even unconscionable so as to bring it within the purview of section 2-302 of the Uniform Commercial Code. It is entirely unreasonable for the defendant to hold plaintiff’s deposit for 19 months after the plaintiff attempts to cancel the contract. Defendant had much more than ample notice of plaintiff’s intention to cancel, and defendant can in no way suffer any damages from plaintiff’s cancellation. In fact, in view of the almost daily rising cost of everything, the defendant is probably better off canceling this agreement now, and charging a higher price at a later date to a new customer.
• The court also finds that the last paragraph of the cancellation agreement is unreasonable. It can easily be construed to mean that the plaintiff may conduct his Bar Mitzvah in a less elegant hall than defendant’s, and have only eight or nine persons present, but could still be liable to the defendant for damages, even though defendant has rented the premises out to another. This is patently unfair to the plaintiff.
It is the judgment of this court that the plaintiff have judgment in the sum of $220 the amount claimed in the complaint, with no costs and no interest.